UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No.: | CV 19-08431-AB (ADSx) | Date: | January 8, 2020 |
|---|---|---|---|

| Title: | *Jonathan Loyhayem v. Fidelity National Home Warranty et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] Order GRANTING Defendant's Motion to Dismiss**

Before the Court is Defendant Fidelity National Home Warranty's ("Defendant") Motion to Strike Class Allegations from Plaintiff's Complaint ("Motion to Strike," Dkt. No. 12) and Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) ("Motion to Dismiss," Dkt. No. 13), both filed on November 29, 2019. Plaintiff has filed neither an opposition to these motions nor a First Amended Complaint. Fed. R. Civ. P. 15(a); C.D. Cal. L.R. 7–9. The Court deems this matter appropriate for resolution without oral argument of counsel. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. The hearing set for January 10, 2020 is **VACATED**. For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss **WITH PREJUDICE**, and thus, Plaintiff's Motion to Strike is moot.

**I.     BACKGROUND**

On September 30, 2019, Plaintiff filed a complaint alleging that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (Complaint, Dkt. No. 1). Therein, Plaintiff asserts that Defendant negligently, knowingly, and/or willfully contacted Plaintiff on his cellular telephone to sell or solicit its

services without Plaintiff's "prior express consent," thereby illegally invading Plaintiff's privacy and causing him to incur a charge for Defendant's call(s).[1] (*Id.* ¶¶ 1, 8, 11, 12; *see also* 17).  Plaintiff brings this action on a class-wide basis.

On November 29, 2019, Defendant filed a Motion to Dismiss and a Motion to Strike.  Plaintiff has not opposed either motion or otherwise responded.

## II.      LEGAL STANDARD

When a motion to dismiss is filed, a plaintiff may either oppose the motion by filing an opposition or moot the motion by filing an amended complaint. Fed. R. Civ. P. 15; C.D. Cal. L.R. 7–9, 7–12. Under Rule 15, an amended complaint must be filed twenty-one days after service of the motion. Fed. R. Civ. P. 15(a)(1)(B). Under the Local Rules of the Central District of California ("Local Rules"), an opposition must be filed twenty-one days prior to the hearing date. C.D. Cal. L.R. 7–9; C.D. Cal. L.R. 7–12 (stating that a plaintiff's failure to oppose a motion to dismiss "may be deemed consent to the granting or denial of the motion"); *see also, e.g., Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (holding that "failure to follow a district court's local rules is a proper ground for dismissal" and affirming the district court's dismissal of an action because plaintiff failed to file an opposition).

## III.     DISCUSSION

The Local Rules provide that Plaintiff must file an opposition to Defendant's motion, here a Motion to Dismiss, no later than twenty-one days prior to the hearing date for which the motion is noticed. C.D. Cal. L.R. 7–9. Applying Local Rule 7–9 to Defendant's noticed hearing date of January 10, 2019, Plaintiff's opposition was due to be filed on December 20, 2019. *See* C.D. Cal. L.R. 7–9. To date, no opposition has been filed. Therefore, Plaintiff is in clear violation of the Local Rules and, under Local Rule 7–12, the Court may deem this failure to respond as consent to granting the motion, or dismissal of the action. C.D. Cal. L.R. 7–12.

But the Court cannot dismiss an action under a Local Rule where Plaintiff may still timely act under the Federal Rules of Civil Procedure. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (holding that a local rule cannot trump a governing federal rule). Here, while the Local Rules require Plaintiff to

---

[1] The number of call(s) Plaintiff purportedly received remains unclear.

file his opposition twenty-one days prior to the hearing date, the Federal Rules allow Plaintiff, in the alternative, to amend his complaint and moot Defendant's motion. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927–28 (9th Cir. 2012).

Plaintiff could have amended his complaint as a matter of right twenty-one days after service of Defendant's Motion to Dismiss. Fed. R. Civ. P. 15(a)(1). Thereafter, Plaintiff could amend his complaint with either written consent from Defendants or leave of the Court. Fed. R. Civ. P. 15(a)(2). But here, Plaintiff has not availed himself of this procedural cure. His opportunity to amend the complaint as a matter of right expired on December 20, 2019, or twenty-one days after Defendant filed its Motion to Dismiss, and there is no indication that Plaintiff will seek Defendants' consent or the Court's leave to amend at some later date. *See* Fed. R. Civ. P. 15(a)(1)–(2). Accordingly, there is nothing that can mitigate Plaintiff's clear violation of Local Rule 7–9, and the Court hereby **DISMISSES** Plaintiff's action under Local Rule 7–12 **WITH PREJUDICE**.

Without the benefit of an opposition filing by Plaintiff, the Court cannot fully consider the merits of the various arguments set forth by Defendant in its Motion to Dismiss. Even so, the Court must construe Plaintiff's failure to oppose the Motion to Dismiss as a concession that his claims lack merit and that he cannot state any claim against Defendant. C.D. Cal. L.R. 7–12.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**. Because it does not appear that Plaintiff can cure the deficiencies in his complaint, Plaintiff's action is **DISMISSED WITH PREJUDICE**.

    **IT IS SO ORDERED**.